**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO.   29,464**

**MANUEL MONTOYA,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Manuel Montoya (Defendant) appeals from the district court "Judgment on On-Record Metropolitan Court Appeal. [RP 135] The judgment is supported by a district court memorandum opinion.  [RP 128]  Defendant raises two issues on appeal,

contending that (1) there was insufficient evidence that Defendant drove recklessly because the evidence did not prove the mental state of willful or wanton disregard of the rights or safety of others; and (2) there was insufficient evidence that Defendant was too impaired to drive safely, when he was driving in adverse weather conditions including snow, ice and reduced visibility, and his breath score was 0.06/0.06, raising no presumption of intoxication. [DS 9-11] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] Unpersuaded, we affirm.

**DISCUSSION**

We review both the issues on appeal under the sufficiency of the evidence standard of review. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational fact finder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations

omitted). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

**Reckless Driving**

In the memorandum, Defendant argues that the testimony may have established that Defendant was careless or inattentive, but that it did not establish a more purposeful disregard for traffic safety, which is necessary to prove a critical element of the crime of reckless driving. [MIO 10] Defendant also argues that the testimony did not show that he attempted to evade the deputy, because Defendant testified that visibility was poor and he did not see the deputy's lights until after he had left the parking lot and he tried to pull over as soon as he found a safe place but slipped because the road surface was slushy. [Id.] Defendant contends that his error in judgment, including driving too fast for conditions and sliding off the road, was careless at most, but not reckless. [Id.] We are not persuaded.

The jury was instructed that the State was required to prove the following elements beyond a reasonable doubt: (1) Defendant operated a motor vehicle; (2) Defendant drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property; and (3) this

happened in Bernalillo County, New Mexico on or about December 19, 2006. [RP 72]

Defendant does not dispute the facts relied upon in the calendar notice but disputes that the facts allowed the jury to reasonably conclude that Defendant drove recklessly. We disagree. We hold that, based on the deputy's testimony, the jury could reasonably find that Defendant's driving was reckless. Deputy Herring testified that he observed Defendant drive through a stop sign. [RP 123, DS 2, MIO 2] The deputy testified that Defendant was not only speeding through the parking lot but that he was driving at such a high rate of speed that he nearly struck several cars as well as pedestrians. [Id.] The deputy also testified that after he initiated his emergency lights to stop Defendant, Defendant's vehicle exited the parking lot and pulled into traffic very quickly, nearly causing several cars to hit Defendant's vehicle. [RP 124, DS 3, MIO 3] Further, the deputy testified that, once the deputy pulled behind Defendant's vehicle, Defendant did not stop but made two sharp right turns before sliding off the road. [Id.] The deputy testified that it was apparent to him that Defendant was trying to evade him. [Id.]

Defendant contended at trial that his failure to stop at the stop sign [DS 8], and his failure to stop after the deputy activated his emergency equipment were due to Defendant's concern about the winter weather and icy road conditions, rather than

4

reckless driving. [DS 8] He contends in the docketing statement and in the memorandum that he did not see the deputy's lights before entering the parking lot or while he was in the parking lot. [DS 7, MIO 10] Defendant argues that he attempted to pull over when he saw the lights, that he looked around for other cars to avoid an accident, and that he slid four or five feet when he pulled over because the road surface was mostly slushy. [Id.]

It is well-established that the jury could reasonably conclude that the deputy's testimony about what he observed was more credible and to be given more weight than Defendant's testimony. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts"). We affirm Defendant's conviction for reckless driving.

**Driving While Under the Influence of Intoxicating Liquor**

In the memorandum, Defendant continues to argue that the State's evidence consisted of a "small amount of inconclusive evidence, which the State claimed were signs of impairment but which could just as well have had other causes." [MIO 12] Defendant points out that a breath score under .08 raises no presumption of intoxication, the State did not present evidence that Defendant's slurred speech showed impairment, Defendant's speeding is not a sign of impairment nor is his

sliding off the road. [Id.] Defendant also contends that although the deputy testified that he thought Defendant was a flight risk because he evaded the traffic stop, Defendant did not in fact flee on foot and obeyed the deputy's orders after the stop. [Id.] Defendant further points out that he testified that he had not seen the deputy's lights until after he had left the parking lot and that once he did see the lights he pulled onto a side street to find a safe place to stop. [Id.] Finally, Defendant contends that his testimony contradicts any inference that he was attempting to evade the deputy. [MIO 13] We are not persuaded.

The jury was instructed that in order to prove that Defendant was driving while intoxicated the State was required to prove the following elements beyond a reasonable doubt: (1) Defendant operated a motor vehicle; (2) at the time, Defendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public; and (3) this happened in Bernalillo County, New Mexico on or about December 19, 2006. [RP 71]

As discussed above in Issue 1, the deputy testified about Defendant's driving, including that Defendant ran a stop sign, sped through a parking lot nearly hitting other cars and pedestrians, pulled out of the parking lot into oncoming traffic almost

6

hitting several vehicles, and evaded the deputy. The deputy's testimony allowed the jury to reasonably infer that Defendant was impaired while driving because he was not "exercis[ing the] clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public." [Id.] In addition, upon making contact with Defendant, the deputy testified that he noticed a very strong odor of an alcoholic beverage coming from Defendant's person. [DS 4] Defendant's eyes were bloodshot and watery. [Id.] The deputy asked Defendant if Defendant had seen the deputy trying to stop him, and according to the deputy Defendant responded that he had. [Id.] When the deputy asked Defendant about why he was driving the way he was, Defendant told the deputy he was trying to get home and did not stop because he was scared. [DS 5] The deputy further testified that Defendant's speech sounded very slurred. [Id.] The deputy also testified that he did not administer field sobriety tests because the deputy thought Defendant was a flight risk given that Defendant had tried to evade him before stopping. [DS 5] The deputy administered a breath test with results of 0.06/0.06. [DS 6] The parties stipulated to admission of the breath test results. The jury was not instructed on per se DWI. *See, e.g., State v. Notah-Hunter*, 2005-NMCA-074, ¶ 23, 137 N.M. 597, 113 P.3d 867 ("While DWI can be proven either through a defendant's alcohol concentration or his/her behavior, we analyze this case under the behavioral prong because we do not need to go further.").

7

The deputy's testimony, including (a) the smell of alcohol on Defendant's person, his bloodshot, watery eyes, and slurred speech; (b) Defendant's driving behavior evidencing a "lack of clear judgment and steady hand" that was dangerous to himself and to the public; and (c) the fact that the breath test, which the parties stipulated as admissible, was not sufficient to prove per se DWI but did confirm that Defendant had consumed alcohol, provided substantial evidence to support the jury's conclusion that Defendant was driving while under the influence of intoxicating liquor. *See State v. Dutchover*, 85 N.M. 72, 73, 509 P. 2d 264, 265 (Ct. App. 1973) (holding that as a result of drinking liquor the defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public); *see also* UJI 14-4501 NMRA. We affirm Defendant's conviction for driving while under the influence of intoxicating liquor.

**CONCLUSION**

We affirm the district court judgment.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

**RODERICK T. KENNEDY, Judge**

**ROBERT E. ROBLES, Judge**